UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA PARRA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADT SECURITY SERVICES, INC., et al.<br><br>    Defendants. | No.  2:14-cv-01742-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Defendant ADT Security Service, Inc.'s ("Defendant" or "ADT") Motion to Dismiss Plaintiff Stella Parra's ("Plaintiff") Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion").[1]  For the following reasons, Defendant's Motion is GRANTED WITHOUT LEAVE TO AMEND.

///

///

///

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

## BACKGROUND[2]

Plaintiff was Defendant's customer and had an ADT security system installed in her home.  On October 5, 2011, Plaintiff's security system alarm began to sound off because the backup battery in the control panel drained or failed.  Plaintiff telephoned Defendant that day concerning the high-pitched alarm.  Plaintiff claims that Defendant's customer service representative told Plaintiff the only way to turn the alarm off was to disconnect the battery located in the control box, or to allow the battery powering the alarm to drain down or go dead.  Plaintiff alleges that she advised Defendant's representative that the control box and battery backup were in the attic and Plaintiff would need a ladder to gain access.  During the phone conversation, Defendant's representative told Plaintiff not to access the control panel using a ladder, but also indicated there were no ADT service technicians in Plaintiff's area to turn off her alarm. According to Plaintiff, Defendant's representative failed to advise Plaintiff that she could have turned the alarm off using the control panel located in her home.

Plaintiff claims the high-pitched alarm made her home unlivable and she was unable to avoid the noise by moving to a different area of her home.  After being advised by Defendant's representative that the alarm could only be turned off from the control box in her attic, Plaintiff attempted to access the control box using a ladder.  Plaintiff fell and sustained serious bodily injuries.  On October 2, 2013, nearly two years after the incident, Plaintiff initiated this action for negligence and strict products liability.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.  ECF No. 1-3.

favorable to the moving party.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

     Furthermore, "Rule 8(a)(2)…requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs…have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Although review of a Rule 12(b)(6) motion to dismiss is generally confined to the complaint, the Court may consider documents referenced therein, but not attached to, the complaint. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). A statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint. See Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987).

A court granting a motion to dismiss a complaint must decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant,…undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment…." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminent Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party…carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint…constitutes an exercise in futility….")).

## ANALYSIS

Defendant argues that three separate bases warrant dismissal of the Complaint pursuant to Rule 12(b)(6). See ECF No. 5-2 at 1. First, Defendant argues that Plaintiff failed to abide by her contractual promise to file a lawsuit against Defendant within one year of the date of any incident. Second, Defendant argues that Plaintiff's negligence

claim fails because Defendant had no common law duty to install and/or monitor Plaintiff's alarm system, or to advise her how to disable it. Finally, and in the alternative, Defendant argues that Plaintiff is contractually limited to recover no more than $250.00 in damages.

In opposition, Plaintiff argues that her alarm services contract with Defendant is void or voidable because it did not strictly conform with the provisions of the "Alarm Company Act," codified at California Business and Professions Code §§ 7590 et seq. In the absence of an enforceable contract, argues Plaintiff, she has pled sufficient facts to support her claims.

As an initial matter, Plaintiff failed to attach her contract with Defendant to the Complaint; the contract was supplied by Defendant and attached to the Motion. ECF No. 5-3 at 4-7. However, because Plaintiff refers to her contract with Defendant in the Complaint, ECF No. 1-3 at 10, the Court will consider the contract when ruling on the Motion. See Knievel, 393 F.3d at 1076.

**A. Alarm Services Contract**

　　**1. The Alarm Services Contract Is Neither Void Nor Voidable**

Defendant argues that although Plaintiff contracted with Defendant to install, maintain, and monitor Plaintiff's home alarm system, Plaintiff's common law negligence claim fails because there is no independent, common law duty to perform contractual obligations under an alarm services contract. See ECF No. 5-2 at 9. While Plaintiff refers to a service contract with Defendant in the Complaint, see ECF No. 5-3 at 11, and does not dispute the authenticity of the contract attached to Defendant's Motion, in her Opposition Plaintiff argues the contract is void or voidable because it does not comply with the provisions of the Alarm Company Act. See ECF No. 6 at 2. Defendant argues that a violation of the Alarm Company Act does not result in a contract being void or voidable, but rather that noncompliance may result in the issuance of a citation and fine. See ECF No. 8 at 3 (citing Cal. Bus. & Prof. Code § 7599.54).

///

The Alarm Company Act requires each agreement for installation of an alarm system to contain a host of information and be in writing. See Cal. & Bus. Prof. Code § 7599.54. Plaintiff argues that Defendant's failure to include eleven mandatory provisions required by the Alarm Company Act renders the contract void or voidable, and thus Plaintiff is not bound by the contract's statute of limitations and limitation of damages provisions. The cases cited by Plaintiff in her Opposition do not support her argument. In In re Mitchell's Estate, 123 P.2d 503, 505 (Cal. 1942), for instance, the court held that failure to include statutorily imposed mandatory language in a contract did not render the contract void. Duffens v. Valenti, 74 Cal. Rptr. 3d 311, 326 (2008), also relied on by Plaintiff, is distinguishable. There, the statute in question expressly stated that a contract failing to satisfy its provisions was void and unenforceable. The Alarm Company Act contains no such provision.

Moreover, as exemplified by Duffens, the California Legislature has demonstrated its ability to render contracts void or voidable for non-compliance within a statute itself. See also Cal. Bus. & Prof. Code § 6148(c) ("Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee"); Cal. Civ. Code § 1694.4(a) ("Any contract for dating services which does not comply with this chapter is void and unenforceable."). Additionally, where a California statute makes conduct illegal, by providing for a fine or other administrative discipline when the statute is violated, the statute "excludes by implication the additional penalty involved in holding the illegal contract unenforceable…." Lewis & Queen v. N.M. Ball Sons, 308 P.2d 713, 719 (Cal. 1957). Moreover, where California courts consider rendering such contracts voidable, they assess whether "serious moral turpitude" is involved, whether penalties are available, and whether unjust enrichment will occur if the contract is deemed voidable. See Hinfedl-Ward, Inc. v. Lipian, 115 Cal. Rptr. 3d 237 (2010).

Plaintiff's argument that Defendant's technical violations of the Alarm Company Act render the contract, which was entered into sixteen years prior to Plaintiff's fall, void

6

or voidable, is unavailing.  The violations were purely technical and there is no indication Defendant exhibited any moral turpitude.  Furthermore, Defendant would be subject to a citation and fine based on the technical violations.  See Cal. Bus. & Prof. Code § 7599.54.  Moreover, it can be inferred that if the Legislature wanted non-compliance with the Alarm Company Act to render a contract void or voidable, it would have so stated in the statute.  Plaintiff's contract with Defendant is neither void nor voidable and thus is binding and enforceable in connection with this case.

### 2. Plaintiff's Negligence Claim Fails for Lack of a Common Law Duty

In her Opposition, Plaintiff argues in the alternative that her negligence claim does not arise out of any contractual relationship with Defendant because the contract "does not include or state that any agreement was entered into for maintenance, service calls, or ongoing customer service." ECF No. 6 at 6.  Plaintiff's argument is unpersuasive.  The Complaint expressly alleges "that [Plaintiff]'s service contract with Defendant included in-home service repairs for her security system that would have included replacement of the backup battery in the control box." ECF No. 5-3 at 11.  Moreover, it is clear from the contract itself that the parties contracted for service beyond installation of the alarm system.  ECF No. 5-3 at 4.

### B. Statute of Limitations

Defendant argues that Plaintiff contractually agreed to bring any claims within one year of an incident, and because Plaintiff filed the Complaint nearly two years after her fall, the action should be dismissed.  Under California law, courts generally enforce agreements between parties to shorten a statutory limitations period if reasonable.  See Moreno v. Sanchez, 106 Cal. App. 4th 1415, 1430 (2003).  The California Supreme Court has held that "[i]t is a well-settled proposition of law that the parties to a contract may stipulate therein for a period of limitation, shorter than that fixed by the statute of limitations, and that such stipulation violates no principle of public policy, provided the period fixed be not so unreasonable as to shop imposition or undue advantage in some way." Beeson v. Schloss, 192 P. 292, 294 (Cal. 1920) (citations omitted).  California

courts typically uphold contractual provisions that shorten the statute of limitations where straightforward contracts are involved and the breach of accrual of rights under the contract is unambiguous.  Charnay v. Cobert, 145 Cal. App. 4th 170, 183 (2006); see Capeheart v. Heady, 206 Cal. App. 2d 386 (1962) (upholding contractual limitations period of three months).

Here, Plaintiff's contract with Defendant was straightforward and the cause of action accrued when Plaintiff fell and sustained injury.  Accordingly, the Court finds the one-year statute of limitations provision in the contract is reasonable and enforceable.  Thus, the Complaint is dismissed because all of Plaintiff's claims are barred by the statute of limitations provision in the alarm services contract.  Moreover, because any amended complaint alleging a duty independent of the contract would necessarily require Plaintiff to contradict previous allegations that she had a service contract with Defendant, no leave to amend will be permitted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 5, is GRANTED and Plaintiff's Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated:  September 29, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT